IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACQUELINE E. BOWEN, Individuals, and STEPHEN T. BOWEN, Individuals, | ) ) ) | |
| Plaintiffs, | ) ) | 4:11CV3163 |
| v. | ) ) | |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; d/b/a Allied Insurance, a Nationwide Company, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

    A telephonic hearing was convened on the defendant's motion to extend the deadline for obtaining an independent medical examination of the plaintiff. The plaintiff argues that "[d]efendant's failure to seek a Rule 35 exam or file a motion to extend the Progression Order between the date of Ms. Bowen's deposition and the expiration of the Rule 35 discovery deadline is fatal to Defendant's current motion." Filing No. 34, p. 6.

    Having considered the parties' submissions and the arguments of counsel, the court finds as follows:

    The plaintiffs' complaint alleges Jacqueline Bowen sustained personal injuries during a motor vehicle accident that occurred on September 28, 2007. The lawsuit seeks recovery of damages arising due to those injuries under the uninsured and underinsured provisions of the plaintiffs' automobile insurance policy. The policy was issued by the defendant.

    Due to scheduling difficulties, the plaintiffs were not deposed until March 20, 2012. During the course of those depositions, the defendant discovered the Jacqueline Bowen may have previously injured her neck during a surfing accident, for which she may have received prior care, including chiropractic treatment. Within three days after the plaintiffs' depositions, the

defendant filed notices of its intent to serve subpoenas duces tecum to collect additional medical records, including chiropractic records, not previously obtained from the plaintiffs. See filing nos. 27 and 28. Under this court's local rules, the plaintiff was afforded 7 days (until April 2, 2012) to object to those subpoenas. NECivR 45.1(b).

On March 28, 2012, the defendant timely identified Dr. John Goldner as a defense expert. See filing no. 13, ¶ g. On or about April 9, 2012, Defendant sent correspondence to plaintiffs' counsel requesting that Ms. Bowen attend an independent medical examination by Dr. Goldner on May 14, 2012. The proposed Rule 35 examination is to determine the nature, extent and effect of Ms. Bowen's alleged injuries. Barring any unforeseen circumstances, the IME report will be available and could be timely disclosed as a defense expert witness report by May 28, 2012. See filing no. 13, ¶ g.

The plaintiffs object to the examination because it was not performed before the Rule 35 discovery deadline, (see filing no. 13, ¶ e), and because the defendant did not file a properly supported motion for an order requiring an independent medical examination.

As to the issue of timeliness, the court finds the defendant exercised due diligence in preparing the medical damages aspect of this case, including the assessment of whether an independent medical examination was warranted. The plaintiffs' depositions were held only eight days prior to the discovery deadline due to the partes' schedules. The information disclosed during the deposition prompted the defendant to issue notices to serve subpoenas for the collection of additional medical records,[1] and to request an independent medical examination.

The plaintiff can show no prejudice resulting from the delay in obtaining an independent medical examination. The IME report will be available in accordance with the deadline for

---

[1] As of the hearing, the defendant had received responses to some of the subpoenas, but had not received a response to the subpoena served on Jacqueline Bowen's chiropractor.

serving expert reports under the court's progression order, and the trial and pretrial conference will not be affected by the proposed timing of the IME.

Regarding the issue of whether the defendant complied with Rule 35 in requesting an order for an IME, an order is not required if the parties agree, as they typically do, to the IME examination. See Fed. R. Civ. P. 35 (6). When the parties do not agree, the requesting party must file a motion. The motion must include a showing of good cause with notice to all parties and the person to be examined; and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."

Although entitled a "Motion for Continuance" and not a "Motion for Rule 35 Examination," in nearly all respects, the defendant's pending motion and supporting affidavit meet the criteria of Rule 35.[2] As to the showing of good cause, an evidentiary showing (by hearing or affidavit) is not always necessary. The pleadings alone may provide a sufficient showing of good cause; for example, a "plaintiff . . . who asserts mental or physical injury … places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). The defendant's pending motion states when, where, and by whom the IME will be conducted. The only information not included in the pending motion relates to the scope, manner and conditions of performing the examination. In that regard, the defendant states the proposed examination is not invasive, but rather a neurological examination. Having seen prior reports from Dr. Golder, counsel for both parties are aware of the type of examination that will be performed by this doctor. That said, the defendant will be required to provide a basic outline of the examination to be performed by Dr. Goldner so Jacqueline Bowen is herself aware of the examination parameters.

---

[2]Litigation in federal court should not be a "trap for the unwary;" the title of a motion does not govern the relief obtained.

Finally, plaintiff's counsel notified the court that this case was erroneously set as a jury trial. Neither party has requested a trial by jury. The error by the court will be corrected in the following order.

Accordingly,

IT IS ORDERED:

1) The defendant's motion for continuance, interpreted as also requesting an order for a Rule 35 examination, (filing no. 30), is granted.

2) Plaintiff Jacqueline Bowen shall attend and submit to an independent medical examination at Defendant's expense, on Monday, May 14, 2012, at 2:45 p.m. with Dr. John Goldner of Neurology LLP at Indian Hills Medical Plaza, 8901 W. Dodge Road, Suite 210, Omaha, NE 68114-3442.

3) On or before May 7, 2012, the defendant shall provide to the plaintiffs' counsel a general statement outlining the anticipated manner, conditions, and scope of the independent medical examination to be performed. To be clear, the doctor need not provide a listing of every neurological test he will perform, and need not perform every test he lists. That decision is left to the exercise of his medical judgment at the time of the examination. The statement contemplated by this paragraph is intended to provide Jacqueline Bowen with a general idea of what she should expect, and how much time she should set aside, for the independent medical examination.

4) The clerk shall re-set this trial on the court's calendar as a five-day non-jury trial, to commence on July 23, 2012 before Senior District Judge Richard G. Kopf.

April 19, 2012.    BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.